IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **Eric Greathouse**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Capital Plus Financial, LLC** and **Crossroads Systems, Inc.**,<br><br>Defendants. | §§§§§§§§§§§§§<br><br>Case No. 4:21–cv–1243–BRW |

___

**Defendants Capital Plus Financial, LLC's and Crossroads Systems, Inc.'s Brief in Support of Motion to Extend Discovery Deadlines Pending a Ruling on Motion to Dismiss**
___

Pursuant to Federal Rules of Civil Procedure 26(c) and 16(b)(4), Defendants Capital Plus Financial, LLC ("CPF") and Crossroads Systems, Inc. ("Crossroads" and collectively "Defendants") respectfully move this Court for an order extending all discovery deadlines, including the deadline for the Rule 26(f) conference and report set in this Court's Initial Scheduling Order entered on January 20, 2022, (ECF 6) and the deadline for initial disclosures pursuant to Federal Rule of Civil Procedure Rule 26(a), pending this Court's resolution of Defendants' Motion to Dismiss (ECF 24) for lack of personal jurisdiction, lack of standing, and failure to state a claim (hereinafter, the "Motion to Dismiss"). Defendants do not request this extension for the purposes of delay and would respectfully request a hearing as soon as possible on this issue after the briefing by both parties is completed. In support of this motion, Defendants respectfully state as follows:

**INTRODUCTION & RELEVANT BACKGROUND**

CPF is a certified Community Development Financial Institute that principally serves the Hispanic community in Texas. Crossroads is a holding company CPF's parent company. Plaintiff

1

Eric Greathouse ("Plaintiff"), on behalf of a putative class, filed his complaint in this case on December 29, 2021 (the "Complaint"). Generally, the Complaint alleges that Plaintiff applied to receive a PPP loan from the SBA, was approved, and received a promissory note which he signed and returned. Complaint ¶¶ 73–81. Plaintiff alleges that he was advised by email that his loan was approved and would be funded, yet that he did not actually receive the funds. *Id.* at ¶¶ 82–88. The Complaint asserts two causes of action against both Defendants: (1) breach of contract and (2) unjust enrichment.

On February 25, 2022, Defendants filed their Motion to Dismiss at ECF 24 which requests that the Court dismiss every cause of action alleged in the Complaint for lack of personal jurisdiction, and, in the alternative, for lack of standing and for failure to state a claim for breach of contract and unjust enrichment. Defendants also filed at ECF 25 a brief in support of the Motion to Dismiss ("Motion to Dismiss Brief").

**ARGUMENT**

Pursuant to Fed. R. Civ. P 26(c), for good cause a district court has discretion to grant an extension of discovery for pending its ruling on a dispositive motion. Fed. R. Civ. P. 26(c)(1)(b) (for "good cause," the court may issue order "specifying the terms, including the time … for the disclosure or discovery"). *See Rosenbaum v. Kissee*, 2017 WL 11496952, at *1 (E.D. Ark. Dec. 20, 2017); *see also Pipes v. Life Invs. Ins. Co. of Am.*, 2008 WL 11343419, at *2 (E.D. Ark. May 29, 2008) ("This power is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"). The same "good cause" standard applies where a deadline for discovery or other matters sought to be extended is set forth under a scheduling order. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

To evaluate whether to extend discovery deadlines pending resolution of a dispositive motion, courts in the Eighth Circuit have repeatedly held that judges can "[take] a 'peek' at the merits of the pending dispositive motion, consider[] the breadth of pending discovery, and balance[] the harm produced by delaying discovery against the possibility that the entire matter will be resolved by the motion." *See, e.g.*, *Rosenbaum*, 2017 WL 11496952, at *1; *TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc.*, 2013 WL 4487505, at *2 (D. Minn. Aug. 20, 2013) ("Where a complaint is clearly without merit, or where a motion to dismiss otherwise seems likely to resolve the entire litigation, a stay of discovery may be appropriate."). In this case, the pertinent factors weigh heavily in support of extending the current discovery deadlines pending the Court's resolution of Defendants' Motion to Dismiss.

**Likelihood of dismissal.** The "possibility that the entire matter will be resolved" by Defendants' Motion to Dismiss is significant. Federal courts, including those within the Eighth Circuit, have held that an extension of discovery pending a ruling on a motion to dismiss is appropriate when the motion to dismiss raises a dispositive jurisdictional question. *See Rosenbaum*, 2017 WL 11496952, at *1 (finding that an extension of discovery was proper because there was a jurisdictional question that was dispositive on all claims); *see also Buc-ee's Ltd. v. Bucks, Inc.*, 2018 WL 443320, at *4 (D. Neb. Jan. 16, 2018) ("Common situations in which a court may determine that staying discovery pending a ruling on a dispositive motion occur when dispositive motions raise issues of jurisdiction, venue, or immunity."). In this case, Defendants raise not one—but <u>two</u>—dispositive jurisdictional questions.

First, Defendants' Motion to Dismiss Brief explains in detail that personal jurisdiction over both CPF and Crossroads is plainly lacking in Arkansas. The "minimum contacts" test for purposes of evaluating personal jurisdiction over a defendant requires that the plaintiff establish

3

either "general jurisdiction" or "specific jurisdiction." Motion to Dismiss Brief at 13. General jurisdiction almost always requires that the defendant maintain either its principal place of business or state of incorporation in the forum state, or that it otherwise "essentially at home" in the forum state. *Id.* at 14. Specific jurisdiction requires that the plaintiff demonstrate a "substantial connection" between the defendant's suit-related conduct and the forum state. *Id.* at 15. General jurisdiction is lacking because it is undisputed that neither Defendant maintains either its principal place of business or state of incorporation in Arkansas (Complaint ¶¶ 11–12), Defendants have submitted a sworn declaration from their Chief Financial Officer explaining that neither CPF nor Crossroads have any employees, offices, or operations of any kind in Arkansas (Motion to Dismiss Brief, Ex. A ¶¶ 6–7). Indeed, Plaintiff affirmatively pleads that Defendant CPF is a limited liability company organized under the laws of the state of Texas with its principal place of business in Texas. Complaint ¶ 11; *see* Motion to Dismiss Brief at 7, 15. Plaintiff also affirmatively pleads that Defendant Crossroads is a corporation organized under the laws of Delaware with its principal place of business in Dallas, Texas. Complaint ¶ 12; *see* Motion to Dismiss Brief at 7, 15. Nor does the Complaint allege any other connections between either Defendant and Arkansas; rather, the <u>only times the Complaint even mentions Arkansas is when it provides the location where Plaintiff currently lives and works</u>. *See* Complaint ¶¶ 10, 73, Ex. A at 12 (PDF 47).

Specific jurisdiction is also lacking because Plaintiff has not alleged that his claims arose out of Defendants' significant contacts with Arkansas. Motion to Dismiss Brief at 15–16. Again, the Complaint says nothing about Arkansas whatsoever, apart from alleging that it is where Plaintiff currently lives and works. *See id.* Motion to Dismiss Brief at 16.[1] Put bluntly, Plaintiff's

---

[1] Even if there were sufficient contacts with Arkansas (and there are not), exercise of personal jurisdiction would still be improper in this case, because to do so would offend traditional notions of fair play and substantial justice. Motion to Dismiss Brief at 20–23.

basis for establishing personal jurisdiction over Defendants in this case hangs on nothing more than a few passing mentions of Arkansas in the Complaint that are entirely unconnected to Defendants.

Second, an extension of discovery is also appropriate because of the likelihood that the Court will grant a Motion to Dismiss for lack of standing and for failure to state a claim. Defendants' Motion to Dismiss identifies a critical defect in each and every one of Plaintiff's claims including, as a threshold issue, that Plaintiff has failed to plead facts sufficient to show he has Article III standing to sue for both breach of contract and unjust enrichment. *Id.* at 23–25, 32–33. Nor does Plaintiff state a claim for breach of contract or unjust enrichment, his only two causes of action. *Id.* at 29–30, 33–34. Plaintiff has no injury in fact that would give him standing to sue, fails to plead an enforceable contract, and, even if he did plead an enforceable contract, the documents he alleges to be the contract contain a release of all claims. *Id.* at 30–31. Plaintiff similarly fails to state a claim for unjust enrichment because he does not allege that he conferred a benefit on Defendants, and, to the extent he has pled a contract, the contract's release bars this claim as well. *Id.* at 35.

Simply put, Defendants have raised multiple bases on which this case would be disposed in its entirety—including lack of jurisdiction. Good cause would plainly be served by a short extension of discovery to enable to the Court to consider these threshold dispositive issues.

**Breadth of discovery.** Third, an extension of discovery pending a ruling on the Motion to Dismiss is warranted because this is a putative nationwide class action for which potential discovery would be both broad and complex and would be expected to involve significant non-recoverable costs. *See* Complaint ¶ 93–103. Even having to prepare responses to initial disclosures will involve significant costs in a case of potentially nationwide breadth. These costs

are grossly unbalanced against Defendants, who are companies with multiple employees and significant amounts of documents, whereas plaintiff is only one individual. These costs would be avoided altogether if the court grants Defendants' Motion to Dismiss, but cannot be recouped if expended prior to the Court's decision.

**No prejudice.** Finally, an extension of discovery pending a ruling on Defendants' Motion to Dismiss will not prejudice Plaintiff in any way. Defendants' Motion to Dismiss raises questions of law that can be resolved on the face of the Complaint alone without need for discovery. Moreover, it is subject to and without waiver of an argument that the Court lacks personal jurisdiction over the Defendants, which is a straightforward issue for the Court to resolve given the dearth of allegations in the Complaint supporting personal jurisdiction to begin with. Plaintiff has opted to file this case as putative nationwide class action, which, if certified, could be expected to take years to resolve, and as such there is no reason Plaintiff cannot wait a short amount of time on the front end before conducting discovery in order for the Court to determine the dispositive threshold issues Defendants have raised. Moreover, the injuries alleged in this case, to the extent they are even legally cognizable at all, stem from Plaintiff's inability to obtain a loan under a gratuitous federal program; this is simply not a situation where there is a need for discovery to be expedited.

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exercise its discretion and extend all discovery deadlines, including the deadline for the Rule 26(f) conference and report set in this Court's Initial Scheduling Order entered on January 20, 2022, (ECF 6) and the deadline for initial disclosures pursuant to Federal Rule of Civil Procedure Rule 26(a), pending resolution of the Motion to Dismiss and to such other and further relief to which they may be justly

entitled. Defendants further request a hearing as soon as possible on this issue after the briefing by both parties is completed.

    Respectfully submitted this February 25th, 2022.

>Karen P. Freeman
>MITCHELL, WILLIAMS, SELIG,
>GATES & WOODYARD, P.L.L.C.
>4206 South J.B. Hunt Drive, Suite 200
>Rogers, Arkansas 72758
>Tel.: (479) 464–5650
>Fax: (479) 464–5680
>Kfreeman@mwlaw.com
>
>Graham Talley
>MITCHELL, WILLIAMS, SELIG,
>GATES & WOODYARD, P.L.L.C.
>425 West Capitol Avenue, Suite 1800
>Little Rock, Arkansas 72201
>Tel.: (501) 688–8800
>Fax: (501) 688–8807
>Gtalley@mwlaw.com
>
>Katherine G. Treistman (*pro hac vice*)
>Andrew D. Bergman (*pro hac vice*)
>ARNOLD & PORTER KAYE SCHOLER LLP
>700 Louisiana Street, Suite 4000
>Houston, Texas 77002–2755
>Tel.: (713) 576–2400
>Fax: (713) 576–2499
>Katherine.Treistman@arnoldporter.com
>Andrew.Bergman@arnoldporter.com
>
>Eric N. Whitney (*pro hac vice*)
>ARNOLD & PORTER KAYE SCHOLER LLP
>250 West 55th Street
>New York, New York 10019–9710
>Tel.: (212) 836–8000
>Fax: (212) 836–8689
>Eric.Whitney@arnoldporter.com
>
>*Attorneys for Defendants Capital Plus Financial, LLC and Crossroads Systems, Inc.*