**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | |
|---|---|
| ERIC GREATHOUSE, ERNESTO COVARRUBIAS, TIFFANY SUMRALL and BARBARA MYLES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL PLUS FINANCIAL, LLC and CROSSROADS SYSTEMS, INC.,<br><br>Defendants. | Case No. 4:21-cv-1243-BRW |

**PLAINTIFFS' MEMORANDUM IN PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DISCOVERY DEADLINES**

Defendants' pending Motion to Extend Discovery Deadlines (the "Motion") seeks a stay of all discovery pending the Court's resolution of Defendants' forthcoming response or motion to dismiss Plaintiffs' Amended Class Action Complaint. Plaintiffs object to the stay the Motion seeks only in one narrow respect. In particular, to the extent Defendants file a motion to dismiss the Amended Complaint that raises arguments regarding this Court's jurisdiction to adjudicate this case, Plaintiffs should be entitled to discovery relating to the many activities Plaintiffs allege in their Amended Complaint that Defendants undertook in this District relating to the claims in this case. *See* ECF 31 ¶¶ 23-38. Plaintiffs advised Defendants of their position prior to Defendants' filing their Motion. Accordingly, and as detailed herein, Plaintiffs oppose Defendants' pending Motion strictly on that basis.

## FACTUAL BACKGROUND

Plaintiff Eric Greathouse filed the initial complaint in this action on December 29, 2021 (ECF 1). Defendants moved to dismiss that complaint on February 25, 2022 (ECF 25). Defendants argued at length in support of that motion that the Court lacks for personal jurisdiction over them. *Id.*, at 7-22. Rather than oppose that motion, Plaintiffs filed an Amended Class Complaint Action (ECF 31), which includes substantial new and additional detailed facts and allegations regarding Defendants' contacts with Arkansas and in particular this judicial District. See ECF 31 ¶¶ 23-38. Among other things, Defendant Capital Plus Financial, LLC ("CPF"):

- Entered into Paycheck Protection Program ("PPP") loan agreements with thousands of Arkansas residents;

- Committed to fund those loans—totaling over $38 million—via those agreements;

- Collected, at a minimum, nearly $7 million in fees attributable to those loans;

- Conducted wide-ranging reviews of each of those loan applications; and

- Maintained extensive dealings with the Small Business Administration's Little Rock Commercial Loan Service Center, with respect to PPP loans to borrowers in Arkansas and numerous other states and U.S. territories. That Commercial Loan Service Center was one of only two such facilities nationwide, serving not only the East Coast but also Texas, where both Defendants are based.

ECF 31 ¶¶ 23-37. CPF is or during all relevant times was the only operating subsidiary of its parent company, Defendant Crossroads Systems, Inc. ("Crossroads"). Crossroads extracted the above-referenced loan processing fees from CPF; shared overlapping websites and certain senior executives with PPP duties with CPF; communicated with the SBA's Little Rock Commercial

Loan Service Center in the course of servicing PPP loans; and otherwise acted as CPF's alter ego with respect to the companies' PPP lending, including directly in this District. *Id.* ¶ 38. The Amended Complaint also not only includes a request that Plaintiffs be allowed to take jurisdictional discovery in the event that the Court deems the existing proof in that context insufficient; it also specifies many of the precise topics of that discovery based on the arguments that Defendants made in their original motion to dismiss. *Id.* ¶ 37 n.1.

Upon being served with the Amended Complaint, Defendants informed Plaintiffs of their intention to seek from the Court an extension of their due date to respond to the Amended Complaint, and an extension of the dates for the parties' Rule 26(f) report and conference to some point after the Court rules on their forthcoming motion to dismiss or other "response" they represent they intend to file. Plaintiffs agreed in principle to those requests, and asked Defendants to draft an appropriate motion. Upon reviewing the draft motion, Plaintiffs requested only that Defendants include a provision asking that the Court leave open the possibility of allowing jurisdictional discovery to go forward absent the resolution of Defendants' motion to dismiss.

Rather than accommodate that request, Defendants filed two separate motions. The first motion seeks only an extension of the due dates for Defendants' motion to dismiss and Plaintiffs' opposition to that motion, and is unopposed. *See* ECF 36. Plaintiffs now oppose only the latter motion—the Motion to Extend Discovery Deadlines—and only because it makes no allowance for discovery related to the Court's personal jurisdiction over Defendants, assuming Defendants again raise those issues in any motion to dismiss they may file. It bears emphasis that Plaintiffs are not by virtue of this opposition now formally requesting jurisdictional discovery, but are asking only that the Court recognize in its forthcoming order that jurisdictional issues alone may

give the Court reason to open discovery earlier than it otherwise would pursuant to Defendants' Motion.

## ARGUMENT

Jurisdictional discovery should be permitted where a plaintiff offers "documentary evidence, and not merely speculations or conclusory allegations" regarding a defendant's contacts with the forum state. *Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008). *See also Valley View Agri, LLC v. Producers Co-op. Oil Mill,* 2015 WL 853277, at *4 (E.D. Ark. Feb. 26, 2015) (allowing jurisdictional discovery). Such discovery is particularly appropriate where the defendant is a corporation. *Tishner v. Wright Med. Grp., Inc.*, 2017 WL 1520424, at *1 (E.D. Ark. Apr. 25, 2017) (citation omitted).

Plaintiffs anticipate they may seek to proffer documentary and other evidence reflecting Defendants' connections to Arkansas and this District in opposing any motion to dismiss that Defendants may file. Plaintiffs' allegations in the Amended Complaint give the Court reason to anticipate that such evidence is in fact forthcoming. For those reasons, the Court at a minimum should deny Defendants' request for an order that Defendants might subsequently cite as grounds to preclude jurisdictional discovery. Defendants' refusal to either consider or reference Plaintiffs' request for an exception in the order tends to suggest that Defendants have exactly that argument in mind.

Plaintiffs therefore respectfully request that any order the Court enters in response to Defendants' Motion specify that the Court's ruling shall have no bearing on Plaintiffs' ability to seek leave to conduct jurisdictional discovery.

Dated:  April 6, 2022					Respectfully submitted,

**FRIDAY, ELDREDGE & CLARK, LLP**
Katherine C. Campbell, AR Bar 2013241
Marshall S. Ney, AR Bar 91108
3350 S Pinnacle Hills Pkwy, Suite 301
Rogers, AR  72758
T:  (479) 695-6049
F:  (501) 244-5389
kcampbell@fridayfirm.com
Mmney@fridayfirm.com


**BAILEY & GLASSER LLP**
Lawrence J. Lederer (admitted *pro hac vice*)
Michael L. Murphy (admitted *pro hac vice*)
Bart D. Cohen (admitted *pro hac vice*)
1055 Thomas Jefferson Street NW, Suite 540
Washington, DC 20007
T:  (202) 463-2101
F:  (202) 463-2103
llederer@baileyglasser.com
mmurphy@baileyglasser.com
bcohen@baileyglasser.com

**NOLAN HELLER KAUFFMAN LLP**
Justin A. Heller (admitted *pro hac vice*)
Matthew M. Zapala (admitted *pro hac vice*)
80 State Street, 11th Floor
Albany, NY 12207
T:  (518) 449-3300
F:  (518) 432-3123
jheller@nhkllp.com
mzapala@nhkllp.com